UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 5:05-cr-30-Oc-27PRL

JAMES L. JOHNSON
_____/

ORDER

**BEFORE THE COURT** are Defendant Johnson's *pro se* "Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A) (2018) for Reduction of Sentence/Home Confinement" (Dkt. 553), and the United States of America's response in opposition (Dkt. 554). Upon consideration, the motion is **DENIED**.

Johnson stands convicted of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, passing federal reserve notes, and use of a firearm in furtherance of a drug trafficking offense. (Dkt. 391). He was sentenced to 517 months imprisonment, followed by 5 years of supervised release. (Id.). His sentence was affirmed. (Dkt. 455); *United States v. Johnson*, 281 F. App'x 909 (11th Cir. 2008). His motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was denied. (Dkt. 457); *Johnson v. United States*, Case No. 5:08-cv-00535, ECF: 9, May 6, 2009.

Johnson seeks a sentence reduction based on "extraordinary and compelling circumstances." (Dkt. 553). He asserts that he "has some of the notable at-risk underlying medical conditions that makes his immune system defenseless against [COVID-19]." (Id. at 3). Specifically, he asserts that he is "asthmatic with a history of bronchitis, a chronic lung disease; has high blood pressure and high cholesterol, a serious heart condition subjected to a stroke or hypertension; has had pneumonia twice, another chronic lung disease and is 67 years old." (Id.).

1

The United States opposes the motion, contending that Johnson has not established extraordinary and compelling circumstances and "the § 3553 factors disfavor a sentence reduction." (Dkt. 554 at 11-16). Upon review, Johnson's motion is due to be denied.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b).[1] Johnson provides documentation reflecting that he filed a request with the BOP to bring a motion on his behalf more than 30 days ago, which was denied. (Dkt. 553 at 8-9). Accordingly, because 30 days have elapsed since the warden received his request for compassionate release, his motion can be considered.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Johnson fall within these circumstances. First, although he does not provide documentation to support his asserted medical conditions (Dkt. 553 at 4), the United States asserts that "problems with asthma, high blood pressure and high cholesterol appear

---

[1] This exhaustion requirement cannot be waived. *See, e.g., United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic").

in [Johnson's] medical records." (Dkt. 554 at 15). His Presentence Investigation Report (PSR) further notes that "he was previously diagnosed as having high blood pressure and asthma, but neither of the conditions are present at this time." (Dkt. 556 ¶ 90). Even if Johnson demonstrated that he continues to suffer from these conditions, he fails to assert and provide documentation that his underlying health issues substantially diminish his ability to provide self-care.[2] *See* U.S.S.G. § 1B1.13, cmt. n.1(A).

Second, compassionate release under § 1B1.13 n.1(B) requires that the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Johnson is 67 years old and has served at least 10 years of his sentence. (Dkts. 391, 556). However, he does not assert or provide documentation demonstrating that he is experiencing a serious deterioration in physical or mental health because of the aging process. Moreover, the United States asserts that Johnson's records reflect that he "contracted COVID-19 in July 2020 and has successfully undergone treatment in the institution." (Dkt. 554 at 14). Accordingly, Johnson fails to demonstrate that his underlying conditions demonstrate an extraordinary and compelling reason warranting a reduction in sentence. *See United States v. Walker*, No. 2:17-cr-539-RDP-SGC, 2020 WL 5258287, at * 3 (N.D. Ala. Sept. 3, 2020) (denying compassionate release to an inmate who contracted COVID-19 but failed to demonstrate that "he is at higher risk or would otherwise be better off were he released from incarceration now"). As for his concerns that Coleman Medium "has had several outbreaks," and that he is "particularly

---

[2] *See, e.g., United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

susceptible to the COVID-19" (Dkt. 553 at 4), courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. And Johnson has not presented family circumstances to justify compassionate release.

Last, to the extent he contends that district courts have discretion to determine whether a defendant has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 553 at 2), courts in this Circuit, also with which I agree, have rejected that contention. *See, e.g., United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Johnson has failed to demonstrate an adequate basis to warrant compassionate release.

In summary, the reasons Johnson asserts for compassionate release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes, and are therefore

inconsistent with the policy statement in § 1B1.13.[3] Accordingly, relief cannot be granted, and the motion is **DENIED**.[4]

**DONE AND ORDERED** this 25th day of January, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant, Counsel of Record

---

[3] Even if extraordinary and compelling reasons exist, the section 3553(a) factors do not weigh in favor of Johnson's release. These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted). Indeed, the circumstances of Johnson's offense do not weigh in favor of release. The record reflects that "[t]he testimony at trial established both that [he] used and carried – during and in relation to his large scale drug trafficking activity – some of the firearms seized from him, and that he knowingly possessed those and other firearms seized from him in furtherance of the drug trafficking conspiracy charged." (Dkt. 457 at 3-4). The jury also found, as shown by special verdict, that one of the firearms was a "machine gun." (Dkt. 303 at 2). Moreover, the PSR determined that Johnson was the "manager" of the drug organization." (Dkt. 556 ¶ 41); *see United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (facts contained in the PSR to which a defendant fails to object are deemed to have been admitted). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his past behaviors, or adequately deter criminal conduct in the future.

[4] In the alternative, to the extent Johnson requests that his sentence be reduced or modified pursuant to § 12003(b)(2) of the CARES Act (Dkt. 553 at 1), the authority to place a prisoner on home confinement rests solely with the BOP. *See* 18 U.S.C. § 3624(c)(2); *United States v. Brown*, Case No. 3:10-cr-282-J-34JBT, 2020 WL 3051352, at *1 (M.D. Fla. June 8, 2020) (finding that "a district court 'has no authority to grant [a defendant's] request for placement in home confinement. Rather, § 3624(c)(2) grants the BOP with the exclusive authority to determine an inmate's place of confinement.'" (citation omitted)). Accordingly, Johnson's request for relief is denied.